IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOEKETSI STEINS MOLAOLI,

                                                   ORDER

                Plaintiff,

                                                  13-cv-289-bbc

    v.

DENNI LYNN KLISCH,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on June 4, 2013, I dismissed pro se plaintiff Moeketsi Steins Molaoli's lawsuit against defendant Denni Lynn Klisch for lack of subject matter jurisdiction. Dkt. #4. In his complaint, plaintiff had asserted claims for (1) defamation and slander; (2) false and malicious accusations made to local authorities with the purpose of keeping plaintiff from his children; (3) accessing plaintiff's email without permission; and (4) preventing plaintiff's children from using his last name. I explained that the court did not have jurisdiction under 28 U.S.C. § 1331 because all of plaintiff's claims were state law claims. The court did not have jurisdiction under 28 U.S.C. § 1332 because plaintiff and defendant appeared to be citizens of the same state.

Now before the court is plaintiff's motion for reconsideration in which he argues that his case should not have been dismissed because his claims against plaintiff implicate his federal constitutional rights. Dkt. #6. Plaintiff is incorrect. Plaintiff's claims are state law

claims that do not arise under the United States Constitution. Generally, the United States Constitution does not apply to the conduct of private persons; it applies to conduct by the government. Plaintiff's allegations do not suggest that defendant was a governmental actor or acting under governmental authority. Therefore, the court cannot exercise jurisdiction under 28 U.S.C. § 1331.

Plaintiff also argues in his motion for reconsideration that the court should exercise jurisdiction under 28 U.S.C. § 1332 because the court found improperly that both he and defendant live in Beloit, Wisconsin. He says that he lives in Rock County, but defendant lives in a different county and has been domiciled in "Rockport" for five years. Plaintiff does not say whether Rockport is a location in Wisconsin or in some other state and does not explain why he provided a Beloit address for defendant if she does not actually live in Beloit or Wisconsin. Plaintiff's allegations that defendant lives in Rockport are not sufficient to permit a finding that the parties are citizens of different states and that there is more than $75,000 in controversy for the purposes of establishing jurisdiction under 28 U.S.C. § 1332. Therefore, I am denying plaintiff's motion for reconsideration. If plaintiff believes he can show that the parties are citizens of different states and that there is more than $75,000 in controversy, he is free to file such information in conjunction with a new motion for reconsideration and motion to reopen the case.

ORDER

IT IS ORDERED that plaintiff Moeketsi Steins Molaoli's motion for reconsideration,

2

dkt. #6, is DENIED.

Entered this 12th day of July, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge